JS 44 (Rev. 12/12)

**CIVIL COVER SHEET**

16-cv-2382

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Belinda Bradley

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Michael A. Siddons
230 N. Monroe Street, PO Box 403, Media, PA 19063
Telephone: 484-614-6546

### DEFENDANTS
Ally Financial, Inc.

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. 227, et seq. ("TCPA").
Brief description of cause:
Debt collection harassment

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   MAY 16 2016
SIGNATURE OF ATTORNEY OF RECORD
Michael A. Siddons

### FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, notin in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark thi section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Belinda Bradley : CIVIL ACTION

v. :

Ally Financial, Inc. : NO. 16  2382

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| 5/12/16 | Michael Siddons | Belinda Bradley, Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 484-614-6546 | n/A | msiddons@siddonslaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 16 2016




## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT PENNSYLVANIA
### PHILADELPHIA DIVISION

| | | |
|---|---|---|
| BELINDA BRADLEY, | ) | |
| Plaintiff, | ) | |
| | ) | 16  2382 |
| v. | ) Case No. | FILED |
| | ) | |
| ALLY FINANCIAL, INC., | ) | MAY 1 6 2016 |
| Defendant. | ) | MICHAEL E. KUNZ, Clerk |
| | | By ___ Dep. Clerk |

### PLAINTIFF'S COMPLAINT

Plaintiff, BELINDA BRADLEY, (hereinafter referred to as "Plaintiff") brings this action for damages, and other legal and equitable remedies resulting from the illegal actions of ALLY FINANCIAL, INC. ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone without her prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA. In an effort to enforce a fundamental right to privacy, Plaintiff alleges, by and through her counsel, Michael A. Siddons, Esquire, the following against Defendant:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, *et seq.* ("TCPA").

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls

1

dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell

phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Philadelphia, Philadelphia County, Pennsylvania.

9. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein, was a corporation with a business office located in Philadelphia, Pennsylvania.

11. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (10).

12. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of Pennsylvania and in the County of Philadelphia, and within this judicial district.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

13. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

3

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

15. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

17. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.

   a. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

4

## FACTUAL ALLEGATIONS

18. Within four (4) years of Plaintiff filing this Complaint, Defendant communicated with Plaintiff regarding an account that originated with an automobile loan.

19. Plaintiff was involved in an automobile accident and the vehicle tied to the loan was totaled and Plaintiff's insurance paid the balance of the loan.

20. In or around 2016, Defendant began to utilize Plaintiff's cellular telephone number, ending in 4105, to place virtually daily incessant calls to Plaintiff pertaining to the Account.

21. Since 2016, Defendant has called Plaintiff on her cellular telephone with pre-recorded messages.

22. Defendant calls Plaintiff's cellular telephone at an annoying and harassing rate, calling Plaintiff an average of three (3) times per day, but sometimes up to ten (10) times per day.

23. Defendant calls Plaintiff from the telephone numbers 855-870-7128 and 855-302-3898, which are two of Defendant's telephone numbers.

24. In or around the beginning of March 2016, Plaintiff answered a call from Defendant and spoke with one of Defendant's collectors.

25. During the aforementioned conversation, Plaintiff told Defendant that she did not owe the alleged debt and to stop calling her.

26. Despite Plaintiff's request, Defendant continued to place several collection calls to Plaintiff's cellular telephone number in an attempt to collect the alleged debt.

27. On or around March 19, 2016, Plaintiff again spoke to Defendant and told Defendant to stop calling her.

28. Nonetheless, Defendant continued to place repeated collections calls to Plaintiff's cellular telephone number in an attempt to collect the alleged debt owed.

29. When Plaintiff answers calls from Defendant she is greeted by an automated message before she is connected with a live person.

30. Defendant made numerous telephone calls to Plaintiff's cellular telephone. The telephone numbers that Defendant used to contact Plaintiffs with an "automatic telephone dialing system," were assigned to cellular telephone services as specified in 47 U.S.C. § 227(b)(l)(A)(iii).

31. The calls Defendant placed to Plaintiff's cellular telephone were placed using an automatic telephone dialing system.

32. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

33. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

35. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

36. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

6

37. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff told Defendant that Plaintiff did not owe the alleged debt and to stop calling Plaintiff.

38. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

39. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

### DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

40. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

41. These phone calls were made without the prior express consent of Plaintiff.

42. Defendant's conduct therefore violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, BELINDA BRADLEY, respectfully requests judgment be entered against Defendant, ALLY FINANCIAL, INC., for the following:

43. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

7

44. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

45. Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the future.

46. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

May 12, 2016

By: *Michael A. Siddons*

Michael A. Siddons
Attorney #89018
The Law Firm of Michael Alan Siddons, Esquire
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff